**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD DEEDS, | ) |
|     Plaintiff, | ) |
|     v. | )    3:15-cv-00547-RCJ-VPC |
| ROMEO ARANAS, et al., | )    **ORDER** |
|     Defendants. | ) |

**I.    DISCUSSION**

Plaintiff has submitted a motion to extend time for service of summons and complaint and a motion for reconsideration. (ECF No. 14, 15).

**A)    Extension of Time**

Plaintiff requests an extension of time to serve the complaint and summons upon named defendants in this case. (ECF No. 14). The complaint was filed on January 19, 2016 (ECF No. 8). Federal Rule of Civil Procedure 4(m) states that if a defendant "is not served within 90 days[1] after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Pursuant to Fed. R. Civ. P. 6(b)(1)(A), the Court may extend the time for service for good cause. *See generally* Fed. R. Civ. P. 6(b)(1)(A) (the court may extend the time in which an act is to be done for good cause).

---

[1] Plaintiff asserts that the term is 120 days; however, the 2015 amendment to Federal Rule of Civil Procedure 4(m) reduced the period for service from 120 days to 90 days. *See* Committee Notes on Rules - 2015 Amendment on Fed. R. Civ. P. 4.

The Court finds good cause to extend the time for service in this case. Accordingly, Plaintiff's motion (ECF No. 14) is granted and the time for service of the complaint and summons shall be extended 90 days from the date of this order.

### B) Motion for Reconsideration

Plaintiff asserts that the Court should reconsider its adjudication of his claims relating to the denial of his parole, deprivation of previously prescribed medication, and the degree of cold in his cell. (ECF No. 15 at 1, 4-6).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

### 1) Counts III and IV

In its screening order, the Court dismissed Plaintiff's Counts III and IV, wherein Plaintiff seeks relief for alleged violations of the Ex Post Facto Clause of the Constitution and the Due Process Clause of the Fourteenth Amendment. (ECF No. 13 at 12:8-9). Plaintiff asserts that the Court made a number of errors in dismissing these claims. Plaintiff alleges that he was considered for parole by a three member parole panel which lacked authority to grant him parole, that concurrence of the parole board chairman was necessary, that he did not previously pursue this claim and lose, that the Supreme Court has held that courts must consider relevant parole guidelines and practices, and that ex post facto claims must be brought pursuant to 42 U.S.C. 1983. (ECF No. 15 at 2-4).

As stated in the Court's initial screening order, the Nevada Supreme Court has ruled that Nevada law creates no liberty interest in parole such that due process protections might

apply. (ECF No. 13 at 7:16-18) (citing *State ex rel. Bd. of Parole Comm'rs v. Morrow*, 255 P.3d 224, 227-28 (Nev. 2011) ("[B]ecause Nevada's parole release statute does not create a liberty interest, we reiterate that inmates are not entitled to constitutional due process protections with respect to parole release hearings.")). Plaintiff cites *Garner v. Jones*, 529 U.S. 244, 255 (2000) for the proposition that the United States Supreme Court has held that the Ex Post Facto Clause requires the Court to consider relevant parole guidelines and practices. (ECF No. 15 at 3). *Garner* specifically addresses Georgia law: "[u]nder George law, at all times relevant here, the State's Board of Pardons and Paroles (Board or Parole Board) has been required to consider inmates serving life sentences for parole after seven years." 529 U.S. at 247. *Garner* also discusses *California Department of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597 (1995), which concerns California law.

In his *Garner* concurrence, Justice Scalia noted that *Garner* differed from *Morales* in that in *Morales*, the frequency of parole suitability hearings had been "fixed by law, and a legislative change had given California's Board of Prison Terms discretion to decrease the frequency. Here, there has been no such change. Today, as at the time of respondent's offense, the Georgia statute requires only that the Board provide for automatic 'periodic reconsideration.'" 529 U.S. at 257-58. The law of the particular state is relevant. Release on parole in the State of Nevada is "an act of grace of the State," and "it is not intended that the establishment of standards relating [to parole] create any such right or interest in liberty or property or establish a basis for any cause of action against the State, its political subdivisions, agencies, boards, commissions, departments, officers or employees." NRS 213.10705. Nevada law creates no liberty interest for parole hearings and is distinguishable from the laws of Georgia and California as discussed in *Garner* and *Morales*. *See also Morrow*, 255 P.3d at 228; *Weakland v. Bd. of Parole Comm'rs*, 100 Nev. 218, 220, 678 P.2d 1158, 1160 (1984); *Severance v. Armstrong*, 96 Nev. 836, 620 P.2d 369 (1980), *opn. on r'hrg*, 97 Nev. 95, 624 P.2d 1004 (1981).

Plaintiff has no liberty interest in parole such that due process protections might apply. Accordingly, Plaintiff's motion for reconsideration as to Counts III and IV of his complaint is

3

denied.

### 2)      Deprivation of Previously Prescribed Medication

In its screening order, the Court dismissed without prejudice Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim against defendant Dr. Michael Koehn for discontinuing some of Plaintiff's medication. (ECF No. 13 at 12:4-6). Plaintiff alleges that defendant Koehn's actions go beyond negligence and constitute torture. (ECF No. 15 at 5).  It is unclear whether Plaintiff is now alleging "malice."  In its screening order, the Court noted that Plaintiff did not allege malice. (ECF No. 13 at 6:11-13). The Court denies this part of Plaintiff's motion for reconsideration, but emphasizes that the Court provided Plaintiff with an opportunity to amend this part of his complaint in its screening order. (*Id.* at 12:4-6).

### 3)      Cold Cell

In its screening order, the Court dismissed without prejudice Plaintiff's Eighth Amendment conditions of confinement claim concerning the "painful cold" and bone-chilling humidity" in his cell at Ely State Prison. (ECF No. 13 at 8:18-19, 12:10-11).  Plaintiff alleges that it was cold enough that his skin hurt and that unnecessary pain is proscribed. (ECF No. 15 at 6).  Plaintiff's allegation is deficient. *See Graves v. Arpaio*, 623 F.3d 1043, 1049 (9th Cir. 2010) (per curiam) (noting the Eighth Amendment requires adequate heating, but not necessarily a "comfortable" temperature).   A "painful" temperature may simply be uncomfortable and not pose a substantial risk of serious harm.  As such, the Court denies this part of Plaintiff's motion for reconsideration.

## II.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to extend time for service of summons and complaint (ECF No. 14) is GRANTED.  The time for service of the complaint and summons shall be extended 90 days from the date of this order.

IT IS FURTHER ORDERED that Plaintiff's motion for reconsideration (ECF No. 15) is DENIED.

DATED: This 7th day of June, 2016.

4

1
2
3      _____
       United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28