UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD DEEDS,

        Plaintiff,

vs.

ROMEO ARANAS et al.,

        Defendants.

3:15-cv-00547-RJC-VPC

**ORDER**

This is a prisoner civil rights case. Now pending before the Court is an objection to the Magistrate Judge's order granting a stay of discovery pending determination of Defendants' motion for summary judgment. (ECF No. 76.) For the reasons given herein, the Court overrules the objection.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff Richard Deeds is a prisoner in custody of the Nevada Department of Corrections ("NDOC") at Warm Springs Correctional Center ("WSCC"). On November 9, 2015, Plaintiff filed this lawsuit against ten defendants, alleging various constitutional violations during the time he was housed at Ely State Prison ("ESP"). Plaintiff alleges he was denied adequate medical care, was refused a diet appropriate for his particular medical needs, was denied necessary medication, was wrongfully denied parole, and was forced to endure excessive noise, inadequate heat, a lack of outdoor exercise and cleaning supplies, and strip searches. As detailed in the

Court's order screening the Complaint, most of the claims and defendants have been dismissed. (*See* Screening Order, ECF No. 13.) Furthermore, Plaintiff has failed to take advantage of multiple opportunities to amend his Complaint. Accordingly, the only claims still remaining in this case are: (1) Eighth Amendment deliberate indifference against Defendants Michael Koehn and Romeo Aranas for the alleged failure to provide adequate food, and (2) Eighth Amendment deliberate indifference against Defendant Renee Baker based on Plaintiff's complaints of excessive noise.

On March 17, 2017, Defendants Koehn, Aranas, and Baker ("Defendants") filed a motion for summary judgment. (Mot. Summ. J., ECF No. 55.) Then on March 23, 2017, Defendants filed a motion to stay discovery pending a ruling on their summary judgment motion. (Mot. Stay, ECF No. 63.) The Magistrate Judge granted the motion to stay discovery. (Min. Order, ECF No. 73.) Plaintiff now asks the Court to set aside the stay under Rule 72(a) of the Federal Rules of Civil Procedure. (Pl.'s Obj., ECF No. 76.)

**II. LEGAL STANDARDS**

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, No. C 97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998) (citing *Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989)). Rule 72(a) institutes an abuse-of-discretion-type standard of review, under which the reviewing court must give significant

deference to the initial decision, and may not simply substitute its judgment for that of the deciding court. *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**III.   ANALYSIS**

As an initial matter, the Court notes that Defendants' motion to stay discovery was granted by way of summary minute order, so in considering Plaintiff's objection the Court is left without the benefit of the Magistrate Judge's analysis and reasoning. This will require a closer look at the motion to stay and more thorough consideration of the record. *See Holland v. Island Creek Corp.*, 885 F. Supp. 4, 6 (D.D.C. 1995) (citations omitted) ("[W]here, as here, the decision under review does not offer a reasoned explanation for its decision, and merely adopts one party's arguments in their entirety, it is incumbent on the Court to check the adopted findings against the record with particular, even painstaking, care.").

Also, although Plaintiff has two remaining claims, he has only raised a Rule 72(a) objection with respect to his ability to conduct discovery on the claim of Eighth Amendment deliberate indifference based on a failure to provide adequate food. Plaintiff's objection does not discuss nor even mention a need for further discovery on his excessive noise claim. Therefore, because Plaintiff has not raised the issue, the Court will not address whether the Magistrate Judge abused her discretion in granting a stay of discovery with respect to Plaintiff's Eighth Amendment deliberate indifference claim based on excessive noise.

**a.   The Basis for Defendants' Motion to Stay Discovery**

In support of the motion to stay discovery, Defendants argued, first, that their summary judgment motion is potentially dispositive of Plaintiff's whole case. They assert that Plaintiff's institutional grievances illustrate that Aranas did not personally participate in the conduct of which Plaintiff complains. They further assert that Plaintiff's medical records show that Koehn

ordered Plaintiff a diet that was tailored to his medical condition, and therefore Koehn and Aranas did not fail to provide Plaintiff with adequate food. Second, Defendants argued that they submitted, with their summary judgment motion, all of Plaintiff's grievances and medical records for the time period relevant to his Complaint. Therefore, no additional relevant documentation could be uncovered through further discovery. Lastly, Defendants argued that a discovery stay was warranted because there is a "strong likelihood" that the summary judgment motion will be resolved in their favor.

Plaintiff opposed the motion to stay discovery, making essentially two arguments. First, Plaintiff asserted the general right of litigants to conduct discovery. (Resp. 2–3, ECF No. 67.) His main argument, however, was that Defendants asserted that all relevant grievances and medical records were submitted with their summary judgment motion, but actually omitted relevant documents. To support his argument, Plaintiff attached a number of grievances and three pages of medication administration records, all of which were not included with Defendants' summary judgment motion.

### b. Applicable Legal Standards

Whether to grant a stay is within the discretion of the trial court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). However, "[i]t is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Ordinarily, the fact that a dispositive motion is pending does not constitute grounds for a discovery stay. *Id.* (citing *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)). Accordingly,

imposing a stay of discovery pending a dispositive motion is only permissible under certain circumstances.

> Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. Second, the court must determine whether the pending motion . . . can be decided without additional discovery. When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted.

*Weinstein v. Meritor, Inc.*, No. 2:16-cv-01076, 2017 WL 1552322, at *2 (D. Nev. Apr. 27, 2017) (Ferenbach, M.J.) (citations omitted).

### c. Analysis of the Motion to Stay Discovery

With respect to the first prong of the two-part test, the Magistrate Judge was correct in concluding that Defendants' motion for summary judgment is potentially dispositive of this entire case. The motion raises grounds for judgment as a matter of law on both of Plaintiff's remaining claims and as against all three remaining Defendants.

With respect to the second prong, the Court also finds that the Magistrate Judge did not abuse her discretion in determining that the summary judgment motion can be decided without further discovery. In his Complaint, Plaintiff alleges that Koehn and Aranas violated his constitutional rights by denying him adequate food. Due to a history of Crohn's disease, Plaintiff has a shortened digestive tract and suffers from a condition known as Short Bowel Syndrome, which causes, among other things, frequent diarrhea, incontinence, and abdominal pain. Plaintiff alleges that on or about August 28, 2013, Koehn "discontinued a low-fat diet" that was helping his symptoms, and that on or about April 4, 2014, Koehn "refused to order [Plaintiff] be given a diet appropriate to [his] condition, saying it was prison policy/practice not to provide such a diet." (Compl. 5, ECF No. 8.)

With their summary judgment motion, Defendants have provided a declaration, signed under penalty of perjury, from Deborah Hernandez, Health Information Coordinator I at WSCC. (Hernandez Decl., ECF No. 55-1 at 2–3.) In her declaration, Ms. Hernandez states that all physician's orders related to Plaintiff's care from August 2013 to September 2015, as well as all physician's progress notes from March to August 2013, have been submitted to the Court with Defendants' summary judgment motion. (*Id.* at ¶ 6.) These records indicate that in August 2013, Koehn ordered Plaintiff's diet to remain the same as prescribed on June 20, 2013, prior to his transfer to ESP, which was a double-portion low-fat diet consisting of six thousand kilocalories ("kcal"), sixty percent carbohydrates, twenty percent protein, and twenty percent fat. (Physician's Orders 1, ECF No. 56-1 at 2). On September 5, 2013, Koehn ordered Plaintiff's diet changed to a two thousand six hundred kcal double portion ADA diet with a snack. (*Id.*) Then on September 19, 2013, Koehn ordered another dietary change, to a low-cholesterol, low-fat, double-portion diet, to continue for a period of one year. (*Id.* at 2.)

Defendants have also adduced two Medical Diet Order Forms, signed by Koehn, ordering a special low-fat, low-cholesterol diet with double portions, for the purpose of managing Plaintiff's Short Bowel Syndrome and inflammatory bowel disease. (Medical Diet Forms, ECF No. 56-4 at 2–3.) The first form was signed on September 19, 2013, and instates the diet for a term of one year. The second form, signed on September 29, 2014, renews the order for an additional year. These forms indicate that on April 4, 2014, when Plaintiff alleges Koehn refused to provide a diet appropriate to his condition, Plaintiff was already receiving a special medical diet under Koehn's orders.

The documents submitted with the Hernandez declaration establish that, after ordering Plaintiff's special medical diet in September 2013, Koehn did not subsequently issue a physician's order to discontinue or modify the diet around the time of April 2014, when Plaintiff

alleges Koehn refused to provide adequate food. Furthermore, grievance reports adduced by Plaintiff himself plainly show that Koehn's order for a medical diet was in effect during this same timeframe. For example, an official grievance response dated June 26, 2014, reads: "The provider has you on a low fat/low cholesterol double portion diet for one year – it is nowhere near 6000 calories. You also receive a 'Boost' supplement and this is to help support your digestive issues. The provider also provides quarterly clinic support and monitors your labs and weight closely." (Grievance No. 20062977222, ECF No. 67 at 25.)

Therefore, based on the declaration and documentation submitted by Defendants, as well as the grievance reports provided by Plaintiff, the Court finds that Koehn had Plaintiff on a special medical diet for the purpose of treating his Short Bowel Syndrome at all times relevant to the Complaint. Under these circumstances, the Court cannot say that the Magistrate Judge abused her discretion in ordering a discovery stay pending a ruling on Defendants' summary judgment motion with respect to the claim based on adequate food. A finding that the motion can be decided without additional discovery is not clearly erroneous or contrary to law. Even if further discovery were to show that Koehn declined to modify Plaintiff's diet on or around April 4, 2014, as Plaintiff alleges, this would not change the fact that Koehn was nonetheless treating Plaintiff with a special medical diet during this time. A mere disagreement over treatment between a prisoner and prison medical staff does not rise to the level of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Rule 72(a) objection (ECF No. 76) is OVERRULED.

IT IS SO ORDERED.

DATED: This 23rd day of May, 2017.

_____
ROBERT C. JONES
United States District Judge