# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD DEEDS,

    Plaintiff,

v.

ROMEO ARANAS, *et al.,*

    Defendants.

3:15-cv-00547-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (ECF Nos. 55, 56 (sealed)). Plaintiff opposed (ECF No. 87), and defendants replied (ECF No. 90). Also before the court is plaintiff's motion for preliminary injunction (ECF No. 41). Defendants opposed (ECF Nos. 47, 48 (sealed), 50, 51 (sealed)) and plaintiff replied (ECF No. 53). For the reasons stated below, the court recommends that defendants' motion for summary judgment (ECF No. 55) be granted, and plaintiff's motion for preliminary injunction (ECF No. 41) be denied as moot.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Richard Deeds ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Although currently housed at Warm Springs Correctional Center ("WSCC"), the events that give rise to this action transpired at Ely State Prison ("ESP"). Pursuant to 42 U.S.C. § 1983, plaintiff brings civil rights claims against NDOC and ESP officials. On January 19, 2016, plaintiff filed his complaint asserting numerous counts. (ECF No. 8.) The District Court screened the complaint and allowed two claims to proceed. (*See* ECF No. 13.)

In his first claim, plaintiff asserts Eighth Amendment deliberate indifference against defendants Michael Koehn ("Koehn") and Romeo Aranas ("Aranas") for the alleged failure to provide adequate food. (*See* ECF No. 8.) Specifically, plaintiff alleges that he has a history of Crohn's disease and only a two-to-three-foot length of digestive tract remaining. (ECF No. 8 at 7-

8.) Without a proper diet and pain medication, plaintiff's conditions cause a variety of symptoms, including, but not limited to, frequent diarrhea, incontinence, and abdominal pain. (*Id.* at 7.) Plaintiff alleges that on August 28, 2013, Koehn "discontinued a low-fat diet" that was helping plaintiff's symptoms. (*Id.* at 8.) Plaintiff asserts that on April 4, 2014, Koehn "refused to order [plaintiff] be given a diet appropriate to [his] condition, saying it was prison policy/practice not to provide such a diet." (*Id.*) Further, plaintiff alleges that on May 5, 2014, Aranas refused to reinstate the prescription relating to plaintiff's diet. (*Id.*)

In his second claim, plaintiff asserts Eighth Amendment deliberate indifference against defendant Renee Baker ("Baker") based on excessive noise. (*Id.* at 11.) Specifically, plaintiff alleges that he has suffered violations of his Eighth Amendment rights due to excessive noise. (*Id.*) Plaintiff complains of "loud and relentless yelling and screaming of other inmates nearby locked inside their own [cells], and louder yet banging of cell doors and walls" at ESP. (*Id.*) Plaintiff asserts that Baker knew of the excessive noise, because plaintiff repeatedly complained about it to her, but she failed to address his complaints. (*Id.*)

Defendants now move for summary judgment based on the following: 1) there is no evidence that defendants Aranas and Koehn were deliberately indifferent to plaintiff's serious medical need; 2) there is no evidence that defendant Baker was deliberately indifferent to plaintiff's conditions of confinement; and 3) defendants Aranas and Baker did not personally participate in the alleged constitutional violations. (ECF No. 55 at 13-17.)

Plaintiff has moved for a preliminary injunction requesting the following relief: 1) that plaintiff only be transferred to Northern Nevada Correctional Center; 2) that he be provided his duly prescribed medication; and 3) that he be provided his prescribed medical diet. (ECF No. 41 at 3.)

## II.     LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and

the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury

could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III. DISCUSSION

**A. Civil Rights Claims Under § 1983**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

## B. Eighth Amendment Deliberate Indifference

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency" by prohibiting the imposition of cruel and unusual punishment by state actors. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation omitted). The Amendment's proscription against the "unnecessary and wanton infliction of pain" encompasses deliberate indifference by state officials to the medical needs of prisoners. *Id.* at 104 (internal quotation omitted). It is thus well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 105.

Courts in this Circuit employ a two-part test when analyzing deliberate indifference claims. The plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell*, 763 F.3d at 1066 (internal quotation omitted). First, the objective component examines whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

Second, the subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). However, a prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004). The defendant prison official must therefore have actual knowledge from which he or she can infer that a substantial risk of harm exists, and also make that inference. *Colwell*, 763 F.3d at 1066. An accidental or inadvertent failure to provide adequate care is not enough to impose

liability. *Estelle*, 429 U.S. at 105–06. Rather, the standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other . . . ." *Farmer*, 511 U.S. at 836. Accordingly, the defendants' conduct must consist of "more than ordinary lack of due care." *Id.* at 835 (internal quotation omitted).

Moreover, the medical care due to prisoners is not limitless. "[S]ociety does not expect that prisoners will have unqualified access to health care . . . ." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Accordingly, prison officials are not deliberately indifferent simply because they selected or prescribed a course of treatment different than the one the inmate requests or prefers. *Toguchi*, 391 F.3d at 1058. Only where the prison official's "'chosen course of treatment was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health,'" will the treatment decision be found constitutionally infirm. *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). In addition, it is only where those infirm treatment decisions result in harm to the plaintiff—though the harm need not be substantial—does Eighth Amendment liability arise. *Jett*, 439 F.3d at 1096.

Further, to challenge the conditions of confinement at a prison, a plaintiff must make two showings. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 (2007). "First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." *Id.* This element may be satisfied by showing a deprivation of essential minimums, such as adequate food, clothing, shelter, or medical care. *Id.* Second, the plaintiff must "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The deliberate indifference element itself involves a two-part inquiry to determine whether the official acted "with a sufficiently culpable state of mind." *Johnson*, 217 F.3d at 731 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The official must have been aware of a substantial risk of harm to the inmate's health or safety, and also must not have had a "'reasonable' justification for the deprivation, in spite of that risk." *Thomas*, 611 F.3d at 1150. Accordingly,

"prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

### 1. Medical Diet

Plaintiff asserts that defendants Koehn and Aranas were deliberately indifferent to his serious medical needs by failing to provide him with a medical diet for his Short Bowel Syndrome. (ECF No. 8 at 7-8.) Defendants argue that this is no evidence plaintiff went without his prescribed, medical diet. (ECF No. 55 at 16-17.)

In support of their argument, defendants provide various declarations and documents showing that plaintiff received a special medical diet under orders from Koehn. (See ECF Nos. 55-1, 56-1, 56-4, 67.) Specifically, these records indicate that in August 2013, Koehn ordered plaintiff's diet remain the same as prescribed on June 20, 2013, prior to his transfer to ESP. (ECF No. 56-1 at 2.) In September 2013, Koehn ordered dietary changes to plaintiff's diet, for the purpose of managing his Short Bowel Syndrome and inflammatory bowel disease. (ECF No. 56-4.) Plaintiff asserts that on April 4, 2014, Koehn refused to provide him with a special medical diet, however, all documentation reflects that plaintiff was already receiving such a diet. Further, records reflect that after ordering plaintiff's special medical diet in September 2013, Koehn did not subsequently issue a physician's order to discontinue or modify plaintiff's diet. Finally, responses to Grievance No. 20062977222, clearly indicate that plaintiff was receiving his special medical diet. (ECF No. 67 at 25.) Plaintiff fails to present any evidence refuting that he was provided a special medical diet for his Short Bowel Syndrome during the time in question. Accordingly, there is no genuine issue of material fact as to whether defendants Aranas and Koehn were deliberately indifferent to plaintiff's serious medical needs and summary judgment should be granted in their favor.

**2. Excessive Noise**

Plaintiff asserts that defendant Baker violated his Eighth Amendment rights related to his alleged exposure to excessive noise. (ECF No. 8 at 11.) Defendants argue that plaintiff has failed to allege that the noise caused him any injury or subjected him to a risk of serious harm significant enough to give rise to an Eighth Amendment violation. (ECF No. 55 at 15-16.)

To prove an Eighth Amendment violation, a plaintiff must show that the deprivation alleged was sufficiently serious, and that a prison official was deliberately indifferent to a substantial risk of serious harm to the inmate. *Wilson,* 501 U.S. at 297-304; *Farmer,* 511 U.S. at 834. The Ninth Circuit has found that under certain circumstances, noise levels in prison may inflict pain without penological justification. *Toussaint v. McCarthy,* 801 F.2d 1080, 1110 (9th Cir. 1986); *see also Keenan v. Hall,* 83 F.3d 1083, 1090 (9th Cir. 1996).

Aside from grievances filed by plaintiff relating to his complaints of excessive noise, plaintiff has presented no evidence of deliberate indifference on part of the defendants. Most importantly, plaintiff has not alleged that he incurred any harm as a result of his exposure to the allegedly excessive noise. Thus, there is no genuine issue of material fact as to whether defendant Baker was deliberately indifferent to plaintiff's conditions of confinement and summary judgment should be granted in her favor.

**IV.    CONCLUSION**

For good cause appearing and for the reasons stated above, the court recommends that defendants' motion for summary judgment (ECF No. 55) be granted, and, as a result, plaintiff's motion for preliminary injunction (ECF No. 41) be denied as moot.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (ECF No. 55) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for preliminary injunction (ECF No. 41) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: June 20, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**